United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-40027
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CONSTANTINO PADRON-BALDERAS,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-691-1)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Constantino Padron-Balderas (Padron) appeals his guilty-plea conviction and 60-month sentence for illegal reentry into the United States following deportation. Padron claims that 8 U.S.C. § 1326(b) is unconstitutional because it treats prior felony and aggravated felony convictions as sentencing factors. Padron's constitutional challenge is foreclosed by ***Almendarez-Torres v. United States***, 523 U.S. 224, 235 (1998). Although Padron contends that ***Almendarez-Torres*** was incorrectly decided and that a majority of the Supreme Court would overrule ***Almendarez-Torres*** in the light

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Padron properly concedes that his argument is foreclosed in the light of *Almendarez-Torres* and circuit precedent; he raises it to preserve it for further review.

Padron also contends that the district court erred in sentencing him under the mandatory guideline regime held unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005) (*Fanfan* error). Because Padron preserved the issue in district court, the Government must show the *Fanfan* error was harmless beyond a reasonable doubt. *See United States v. Walters*, 418 F.3d 461, 463 (5th Cir. 2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime; therefore, the Government has not borne its burden. *Id*.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING*